FILED
2004 Nov-18 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEAN HILL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **04-C-3067-S** |
| **PARFUMS GIVENCHY, LLC and** ) | |
| **LVMH FASHION GROUP OF** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Plaintiff Jean Hill ("Hill"), filed this lawsuit in Alabama state court seeking damages for age discrimination and intentional infliction of emotional distress after she was allegedly terminated in May 2004 by her employer Parfums Givenchy, LLC ("Givenchy"). Hill expressly disavowed any claims under federal law and requested damages "in an amount determined by a jury not to exceed" $70,000. (Compl. at p. 3.) In response to the complaint, defendants removed this action based upon diversity jurisdiction.

The court is obligated to raise questions concerning subject matter jurisdiction *sua sponte. See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's]

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Because Hill seeks attorneys' fees and back pay for a position with a salary of $61,358.00, defendants argue that "it is clear to a legal certainty that her request for damages exceeds the jurisdictional amount of $75,000. (Notice of Removal ¶ 7.) However, based upon Eleventh Circuit Court of Appeals precedent, defendants' argument is not compelling. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Under Eleventh Circuit precedent, the removing defendants must "prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]." *Id*. "The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction ...." *Id*. Indeed the Eleventh Circuit has "conclude[d] that when plaintiff's complaint specifically seeks less than [the jurisdictional amount], if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case." *Id*. at 1096 n.8.

In the present action, there is a chance a state court "would award ... plaintiff less than the jurisdictional amount." *See id*. Given the present circumstances, a mitigating plaintiff earning less than $75,000, could very easily obtain an award less than the jurisdictional amount. Moreover, as defendants are aware, the Eleventh Circuit cases they cite do not compel consideration of potential attorneys' fees when examining whether the jurisdictional amount is met.

Accordingly, for want of federal jurisdiction, this action must be REMANDED to the Bessemer Division of the Circuit Court of Jefferson County, Alabama.

The costs of this action are hereby taxed against the removing Defendants.

DONE this 17th day of November, 2004.

_____
U.W. Clemon
Chief United States District Judge